IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN GRAINER, | : | |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 16-4866 |
| SMALLBOARD, INC., et al., | : | |
|     *Defendants*. | : | |

### ORDER-MEMORANDUM

**AND NOW**, this 23rd day of February, 2017, upon consideration of Defendants' Motion to Dismiss or, in the Alternative, to Transfer (ECF No. 12), Plaintiff's Opposition thereto (ECF No. 16), and Defendants' Reply in support thereof (ECF No. 19), it is hereby **ORDERED** that said Motion is **GRANTED** insofar as the above-captioned matter is **DISMISSED** for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

### ANALYSIS

Plaintiff has not met his burden for establishing personal jurisdiction over Smallboard.com (misidentified as Smallboard, Inc.) and Harish Pareek (together, "Defendants"). *See Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (plaintiff carries burden of "establishing with reasonable particularity sufficient contacts between the defendant and the forum state."). Even if Plaintiff could satisfy his burden, Defendants have made "a compelling case that jurisdiction would be unreasonable." *Id.* at 1226.

**I. Relevant Facts**

Plaintiff brings breach-of-contract and California labor law claims arising from his employment relationship with Smallboard.com, an entity incorporated and headquartered in California. Compl. ¶¶ 2, 24-43, ECF No. 1. Pareek is president of Smallboard.com and a citizen of California. *Id.* ¶ 3. According to Plaintiff, who resided in Pennsylvania at all times relevant,

1

Pareek initiated telephonic communications with Plaintiff for the purpose of recruiting him to work on a project in Des Moines, Iowa.  *See* Grainer Decl. ¶¶ 13-17, ECF No. 16-2.  Pareek followed up with e-mails and engaged in telephonic negotiations concerning Plaintiff's compensation.  *Id*. ¶ 22.  Plaintiff ultimately accepted an offer and became an employee of Smallboard.com.  *Id*. ¶ 32.  During his employment, Plaintiff received compensation in his bank account in Pennsylvania.  *Id*. ¶ 33; Pareek Decl. ¶ 7, ECF No. 12-2.  Plaintiff avers Smallboard.com withheld and paid income taxes, on his behalf, to the Commonwealth of Pennsylvania and the borough of Phoenixville, Pa., where he lives.  *Id*. ¶ 34.  Plaintiff also attests he worked for Smallboard.com from home when he was not travelling to Iowa or elsewhere on business, and Smallboard.com agreed to this arrangement as part of the employment agreement.  *Id*. ¶¶ 31, 36.  Defendants have no other contacts with this forum.  *See* Pareek Decl. ¶¶ 3-8.

## II.  Discussion

Defendants' contacts with this forum, alone or in the aggregate, are insufficient to sustain general or specific jurisdiction in line with constitutional due process.  *See Mellon Bank*, 960 F.2d at 1221 (Pennsylvania's long-arm statute authorizes "jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment").

General jurisdiction is unavailable because Defendants are not citizens of Pennsylvania and they do not maintain a principal place of business or a sufficiently "continuous and systematic" presence in the Commonwealth to render them "at home" in this forum.  *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)).  Plaintiff does not argue otherwise.

Specific jurisdiction is also improper.  A court may exercise specific jurisdiction when the claims arise from defendant's contacts with the forum and "the relationship among the

defendant, the cause of action, and the forum falls within the 'minimum contacts' framework." *Mellon Bank,* 960 F.2d at 1221. "[I]t is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting business within the forum State, thus invoking the benefits and protections of its laws." *Id*.

Although soliciting business from a Pennsylvania resident may be considered "purposeful availment in cases where either a continuing relationship or some in-forum performance on the part of the plaintiff was contemplated," *id.* at 1225, Defendants' efforts to recruit Plaintiff to work in Iowa do not fall within that category of cases. Even though Pareek initiated communications with a Pennsylvania resident, it was Plaintiff who ultimately chose to work remotely for a foreign company. *See Jaipaul v. Pilant Corp.*, No. 07-cv-4031, 2008 WL 2746291, at *4 (E.D. Pa. July 14, 2008) (plaintiff's decision to telecommute from Pennsylvania did not subject foreign employer to Pennsylvania's jurisdiction for employment discrimination)*; Connell v. CIMC Intermodal Equip.*, No. 1:16-CV-714, 2016 WL 7034407, at *3 (M.D. Pa. Dec. 2, 2016) (no jurisdiction over foreign employer for employment discrimination where plaintiff voluntarily telecommuted from Pennsylvania). Indeed, Plaintiff attests the initial solicitations involved offers to work outside Pennsylvania, but he negotiated a telecommuting schedule to spend more time with family. None of Plaintiff's projects involved business in Pennsylvania, and working from Pennsylvania was not a condition or requirement of employment with Smallboard.com. *Cf. Touzot v. ROM Dev. Corp.*, No. CV 15-6289 (JLL), 2015 WL 6082123, at *6 (D.N.J. Oct. 15, 2015) (exercising jurisdiction over foreign employer, even though permitting plaintiff "to work from home" was an "accommodation," because employer expected plaintiff to solicit business in the forum). There is no indication that Smallboard.com was trying to benefit from "the privilege of conducting business within" Pennsylvania; rather, it is Plaintiff who is

attempting to invoke the protections of California's labor laws. *Mellon Bank,* 960 F.2d at1221. Plaintiff's residence seems to be nothing more than a fortuitous circumstance. *See Jaipaul*, 2008 WL 2746291, at *4 ("[t]he fact that the Plaintiff happens to live in [Pennsylvania], and has the base of her operations there, is accidental for jurisdictional purposes") (alterations in original).

Furthermore, Plaintiff's contract with a foreign employer "is not, by itself, sufficient to justify personal jurisdiction over the nonresident." *Mellon Bank,* 960 F.2d at 1223. There is no suggestion that the contract requires payments or performance in Pennsylvania or that the parties designated Pennsylvania as a forum for the resolution of any disputes. The fact that Smallboard.com made payments to Plaintiff's bank account in Pennsylvania, without more, does not establish specific jurisdiction. *See Bayada Nurses, Inc. v. Blue Cross Blue Shield of Michigan*, No. CIV. A. 08-1241, 2008 WL 2945388, at *5–7 (E.D. Pa. July 30, 2008) (sending payments to plaintiff's designated location in Pennsylvania did not confer jurisdiction over foreign payor where plaintiff had contracted to provide services outside the state and payment location was unconnected to the required place of performance). Lastly, Defendants' tax payments to governmental authorities in Pennsylvania, while they may be considered contacts, do not support jurisdiction as they are not related to Plaintiff's claims. *See Driscoll v. Matt Blatt Auto Sales*, No. 95-cv-5314, 1996 WL 156366, at *2-3, *6 (E.D. Pa. Apr. 3, 1996) (tax payments, although relevant for general jurisdiction, did not compute into "specific contacts" analysis as they were not causally linked to plaintiff's claim).

Plaintiff cites inapposite cases to argue that a single contact by a foreign defendant may be enough to support jurisdiction. *Strategic Staffing* involved an individual defendant who had "regularly visited Pennsylvania" as part of his supervisory responsibilities in a staffing company that maintained business locations in the Commonwealth. *Strategic Staffing*

*Grp., Inc. v. Friedell*, No. 06-cv-1398, 2006 WL 2668576, at *1, *3 (E.D. Pa. Sept. 14, 2006). None of those additional circumstances are present in this case. The Third Circuit's decision in *N. Penn Gas Co. v. Corning Nat. Gas Corp.*, 897 F.2d 687 (3d Cir. 1990), does not support Plaintiff's argument either. The court of appeals factored the place of payment into its minimum contacts analysis, but the agreement in that case explicitly required payment in Pennsylvania and contemplated services that could only be delivered from the plaintiff's location in Pennsylvania. 897 F.2d at 689. The Supreme Court's decision in *World-Wide Volkswagen Corp. v. Woodson* is equally unhelpful because it involves a products liability rather than a contract-based claim and, in any event, merely confirms the unconstitutionality of hailing a foreign defendant into a distant forum based solely on a single "fortuitous circumstance." 444 U.S. 286, 295 (1980). Plaintiff cites no other cases in support of his argument. *See* Pl.'s Br. at pp. 7-8.[1] In short, Defendants lack any meaningful contacts with the forum that would make personal jurisdiction constitutionally sound in this case.

But even if Defendants' contacts reached the lowest "minimum contacts" threshold, this Court still has the discretion to decline jurisdiction if doing so "would comport with 'fair play and substantial justice.'" *Mellon Bank*, 960 F.2d at 1222 (citing to *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 476 (1985)). Factors under this prong include: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Id*. (quoting *Burger King,* 471 U.S.

---

[1] Plaintiff filed a surreply on February 21, even though he was not entitled to do so without leave under this Court's Policies and Procedures, Civil Cases A.5. *See* https://www.paed.uscourts.gov/documents/procedures/jonpol.pdf. Notwithstanding Plaintiff's violation of this Court's procedures, his surreply fails to present any new cases or arguments that compel a different result.

at 477).  Regrettably, the parties have not addressed these factors.  Nevertheless, this Court cannot see how Plaintiff, who enjoyed both the benefits of working from home and the economic gains of drawing income from outside the state, could be substantially and unfairly disadvantaged by having to pursue his claims, including a claim for violations of California's labor laws, against his California-based employer in California.  The Honorable Gerald McHugh, District Court Judge, recently espoused a similar view: "The benefits that flow from e-commerce, such as not having to relocate to accept a position, and the flexibility of work-from-home employment can be tempered with corresponding obligations to the employer." *Numeric Analytics, LLC v. McCabe*, 161 F. Supp. 3d 348, 356 (E.D. Pa. 2016) (concluding it was reasonable to expect remote employees to litigate in the foreign employer's home state in the absence of a contrary forum selection clause).  Had Plaintiff wanted the protections of California's laws in a Pennsylvania court, he could have bargained for the law and forum of his choice.  *See, e.g.*, *Provident Mut. Life Ins. Co. of Philadelphia v. Bickerstaff*, 818 F. Supp. 116, 119–20 (E.D. Pa. 1993) (enforcing Pennsylvania governing law and forum selection clause even though foreign defendant had never conducted business or resided in Pennsylvania).  Plaintiff did not do that, and it would now be unfair to hail Defendants into a forum, with which they have only incidental ties, to defend claims under the laws of their home state.

Lastly, because Plaintiff opposes transfer as inconvenient, this Court will not hinder his right to choose where he goes next with regard to his claims.  The motion to dismiss is granted, and the alternative motion to transfer is denied as moot.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II    J.